UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 1 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Lionell Elizah Ephraim aka )
Lionel Elizah Williams, )
)
Plaintiff, )
)
v. ) Civil Action No. **12 1863**
)
Federal Bureau of Prisons *et al.*, )
)
Defendants. )

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief can be granted).

The plaintiff is an inmate at the Federal Correctional Institution in Welch, West Virginia, who claims that the Bureau of Prisons ("BOP") is improperly treating his federal sentence imposed by the United States District Court for the Eastern District of Virginia as running consecutively to a state sentence. *See* Civil Complaint for Injunctive and Declaratory Relief from Ultra Vires Conduct by Government Agency and Officials Under Title 28 U.S.C. §§ 1331 and 1361 ("Compl.") at 6-7, 9-11. The plaintiff seeks "INJUNCTIVE/MANDAMUS AND DECLARATORY RELIEF," *id* at 13, but his challenge to the BOP's calculation of his sentence must be pursued via a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (determining that the district court lacked subject matter jurisdiction over a declaratory judgment action because the remedy of *habeas corpus* was available in the location of the plaintiffs' custodian); *Williams v.*

*Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (stating that "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]") (citations omitted).

A habeas petition is properly directed at the applicant's immediate custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998), and "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *accord Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted). Since the plaintiff states that he has two habeas petitions pending in the Southern District of West Virginia, Compl. at 12, this case will be dismissed.[1]

/s/ Royce B. Lamberth
United States District Judge

October 2⁸, 2012

---

[1] A separate Order accompanies this Memorandum Opinion.